CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 16 2010

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY T. STEWART,<br>    Petitioner, | Civil Action No. 7:10cv00207 |
| v. | |
| DANIEL T. MAHON, WARDEN,<br>    Respondent. | **MEMORANDUM OPINION** |
| ANTHONY T. STEWART,<br>    Petitioner, | Civil Action No. 7:10cv00242 |
| v. | By: Samuel G. Wilson<br>United States District Judge |
| DANIEL T. MAHON, WARDEN,<br>    Respondent. | |

These are two separate petitions for writ of habeas corpus by Anthony T. Stewart pursuant to 28 U.S.C. § 2254 which the court has consolidated for purposes of this opinion. Stewart challenges his detention pursuant to convictions in the Circuit Courts of Rockbridge County and the City of Buena Vista for distribution of cocaine. Stewart maintains that his counsel was ineffective in failing to file an appeal as to each conviction despite his request. Following a hearing, the Supreme Court of Virginia rejected Stewart's habeas petition asserting the same claim. The respondent has moved to dismiss. The court concludes that the Supreme Court of Virginia's decision was not based upon an unreasonable application of clearly established federal law or based upon an unreasonable determination of the facts. Accordingly, the court dismisses Stewart's petitions.

I.

Stewart pled nolo contendere in the Circuit Court of Rockbridge County and guilty in the

City of Buena Vista to distribution of cocaine. In a consolidated sentencing, Stewart was sentenced to ten years imprisonment with five years suspended for the Rockbridge County conviction and ten years imprisonment with five years suspended and three years to run concurrently with the Rockbridge sentence for the Buena Vista conviction. Stewart did not appeal but instead unsuccessfully moved for reconsideration.

Stewart then filed a petition for writ of habeas corpus in the Supreme Court of Virginia claiming that his counsel failed to appeal despite Stewart's request. The Supreme Court of Virginia directed the Circuit Court of Rockbridge County to conduct a plenary hearing pursuant to Virginia Code § 8.01-657 to decide whether the petitioner was denied the right to an appeal. The Circuit Court conducted the evidentiary hearing in which Stewart, Stewart's trial counsel, and other witnesses testified, and that court submitted the following written report:

**Findings of Fact**
1. Petitioner was advised by the court at the joint sentencing hearing on the Rockbridge County charges and the city of Buena Vista charges of his right to appeal, and that if he desired to appeal and could not afford to do so the court would appoint an attorney to represent him and would provide him with the expenses he needed to pursue an appeal.
2. Petitioner's trial counsel also advised the petitioner of his right to appeal and also discussed with petitioner the possibility of filing a "motion to reconsider" with the court.
3. After discussing with his attorney his "right to appeal" and his right to file a "motion to reconsider," the petitioner elected to file a "motion to reconsider."
4. Petitioner's trial attorney, David Steidle, timely filed a "motion to reconsider" that was ultimately denied by the trial court.
5. Although the issue of a potential appeal had been discussed between the petitioner and his trial attorney, petitioner did not request his attorney to file an appeal.

**Recommended conclusions of law**
1. The petitioner did not unequivocally inform his attorney of his desire to file a timely appeal and therefore his attorney was not ineffective for not doing so.
2. Petitioner was not denied his right to appeal.

Based on these findings the Supreme Court of Virginia held that Stewart's claim satisfied "neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984)." According to that court, "the record, including the circuit court's findings of fact and conclusions of law, demonstrates that petitioner was advised by the Court and by counsel that he had a right to appeal, and he chose instead to pursue a motion for reconsideration, which counsel timely filed." Consequently, the Supreme Court of Virginia dismissed Stewart's petition. Stewart then filed his current petition for writ of habeas corpus in this court.

## II.

Stewart argues that it is clear from the record that he asked his attorney to appeal and that "his attorney talked him into filing a motion for reconsideration in lieu of an appeal, because that was the easiest way to challenge the sentence petitioner had received." (Petitioner's reply at ¶ 7 ). The argument does not support Stewart's claim. If anything, it lends support to respondent's motion to dismiss.

Stewart's petition is governed by 28 U.S.C. § 2254 and Chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66 (2000). In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. See § 2254(b). When reviewing a claim adjudicated on the merits by a state court – as Stewart's claim has been – a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). A state court adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In determining whether counsel was deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other, the Supreme Court of the United States requires a "circumstance-specific reasonableness inquiry" in accordance with Strickland v. Washington. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Under that inquiry, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.

Here, the Circuit Court found that Stewart's trial attorney advised Stewart of his right to appeal and also discussed with Stewart the possibility of filing a motion to reconsider with the trial court and that Stewart elected to file a motion to reconsider instead. Stewart's own argument,

that his counsel "talked him into filing a motion in lieu of appeal" confirms the correctness of that finding. It underscores the fact that Stewart, not his counsel, decided not to appeal. Under the circumstances, it is apparent that the Supreme Court of Virginia's determination that Stewart had not satisfied either of Strickland's two prongs was neither an unreasonable application of clearly established federal law, nor based on an unreasonable determination of the facts. Accordingly, the court dismisses Stewart's petitions.

### III.

For the foregoing reasons, the court dismisses Stewart's petitions for writ of habeas corpus.

**ENTER**: This August 16, 2010.

UNITED STATES DISTRICT JUDGE